UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH M. BUTLER, | ) | CASE NO. 5:21-cv-873 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| WALTER C. JELINEK, | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

*Pro se* Plaintiff Joseph M. Butler ("Butler" or "plaintiff") has filed a civil complaint against Walter Craig Jelinek ("Jelinek" or "defendant"), the Chief Executive Officer of Costco Warehouse Corporation ("Costco"). (Doc. No. 1.) On May 21, 2021, plaintiff filed a complete application to proceed *in forma pauperis.* (Doc. No. 7.) That application is granted. For the reasons stated below, however, his complaint is dismissed.

**Background**

Butler alleges that on May 4 and November 16, 2020, Jelinek implemented "facial covering policies" in Costco stores requiring that all "members, guests and employees" wear a face mask or face shield as a condition for entry. (Doc. No. 1 at 3,[1] ¶ IV.) Butler contends that these policies violate his "rights as secured in the ninth and tenth amendments to the federal Constitution, Article

---

[1] All page number references herein are to the consecutive pages numbers applied to each individual document by the Court's electronic filing system.

1 Sections 1 and 20 of the Ohio Constitution," and a litany of federal and state criminal laws. (*Id.* at 3–4.)[2] He seeks $350,000,000 in damages and preliminary injunctive relief allowing him to "exercise [his] constitutional and lawful right to enter and shop at Costco retail establishments with [his] face uncovered, without fear of harassment or intimidation." (*Id.* at 4–5, ¶ V.)

**Standard of Review**

Federal district courts are expressly required under 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* actions and to dismiss before service any such action that the Court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 203, 127 S. Ct. 166 L. Ed. 2d 798 (2007).

To survive a dismissal for failure to state a claim, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) applies in determining whether a complaint is sufficient to state a claim under § 1915(e)(2)(B)). The factual allegations in the pleading "must be enough to raise a

---

[2] Butler cites to the following federal and state criminal laws: 18 U.S.C. § 241 ("Conspiracy against rights"); 18 U.S.C. § 242 ("Deprivation of rights under color of law"); 18 U.S.C. § 245 ("Federally protected activities"); 18 U.S.C. § 247 ("Damage to religious property; obstruction of persons in the free exercise of religious beliefs"); 18 U.S.C. § 373 ("Solicitation to commit a crime of violence"); and "Assault," "Kidnapping," "Abduction," "Unlawful restraint," "Interfering with civil rights," "Using sham legal process," "Conspiracy," "Attempt," and "Complicity" under Ohio Rev. Code §§ 2903.13, 2905.01, 2905.02, 2905.03, 2921.45, 2921. 52, 2923.01, 2923.02, and 2923.03. (Doc. No. 1 at 2–3, ¶¶ I(b) and II(c).)

right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true . . . ." *Twombly*, 550 U.S. at 555.

## Discussion

Upon review, the Court finds that Butler's complaint must be dismissed. Plaintiff filed a virtually identical complaint against the CEO of Giant Eagle, Inc. In *Butler v. Karet*, Case No. 5:21-cv-981, 2021 WL 3633476 (N.D. Ohio Aug. 17, 2021), Butler alleged that Giant Eagle's CEO implemented a face-covering policy similar to the policies he alleges Jelinek implemented here, and he contended that Giant Eagle's policy violated his state and federal constitutional rights and the same litany of federal and state criminal laws. Another branch of this court dismissed plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). First, the court found that plaintiff failed to allege facts sufficient to demonstrate that the Giant Eagle CEO engaged in state action, which is required to state a cognizable claim for relief under both the federal and Ohio Constitutions. *Karet*, 2021 WL 3633476 at *1. Second, the court found plaintiff's allegations insufficient to demonstrate that he had a cognizable private civil cause of action under the federal and state criminal laws he cited in his complaint. *Id*. at *2.

This Court agrees with the reasoning in *Karet* and concludes that Butler's complaint in this case is subject to dismissal for the same reasons. Like the CEO of Giant Eagle, Jelinek is a private actor and plaintiff has not alleged facts demonstrating that Jelinek's conduct is fairly attributable to the state as required to assert a claim under the federal and Ohio Constitutions. Further, Butler has failed to state a claim for relief under the criminal laws he cites. Criminal statutes generally do

not confer a private right of action and plaintiff has made no attempt to link any of the criminal laws he cites to any viable private civil cause of action. *See Karet*, 2021 WL 3633476 at **1-2.[3]

## Conclusion

For the reasons stated above, Butler's complaint in this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: August 25, 2021

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[3] It also appears that Butler's alleged dispute with Jelinek is moot as Costco's website indicates it has now revised its face covering policy. According to Costco's website, Costco now allows those who have been vaccinated against the coronavirus to enter Costco stores without a face covering. *See* https://www.costco.com/coronavirus.html. Plaintiff's complaint does not suggest he has a dispute with Costco's current, revised policy. "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc*., 568 U.S. 85, 91, 133 S. Ct. 721, 184 L. Ed. 2d 553 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481, 102 S. Ct. 1181, 71 L. Ed. 2d 353 (1982)).